**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
JOSEPH DeLAGO, BRUCE FINLAYSON, :
PATRICIA SALMON, and :
WILLIAM LOCKHORN, :
 :
        Plaintiffs, :    04 Civ. 3193 (JFK)
 : **MEMORANDUM OPINION & ORDER**
 :
   -against- :
 :
THE ROBERT PLAN CORPORATION, :
 :
        Defendant. :
------------------------------------X

**JOHN F. KEENAN, United States District Judge**

Plaintiffs move for reconsideration or reargument of this Court's February 28, 2006 decision denying Plaintiffs' motion for summary judgment and Defendant's motion for partial summary judgment. DeLago v. Robert Plan Corp., No. 04 Civ. 3193, 2006 WL 489845 (S.D.N.Y. Feb. 28, 2006). The Court presumes a basic familiarity with the facts of this contract action for collection on four subordinated promissory notes. For the reasons stated below, the motion is denied.

Local Rule 6.3 (formerly Rule 3(j)) provides that a motion for reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." S.D.N.Y. R. 6.3 (motions for reconsideration or reargument); see also Anglo American Ins. Group, P.L.C. v. CalFed Inc., 940 F. Supp. 554, 557 (S.D.N.Y. 1996); Morser v. AT&T Information Systems, 715 F. Supp. 516, 517 (S.D.N.Y. 1989). Rule 6.3 "is to be narrowly construed and strictly applied to avoid

repetitive arguments on issues that have been considered fully by the court." Anglo American Ins. Group, 940 F. Supp. at 557 (citing Ades v. Deloitte & Touche, 843 F. Supp. 888, 892 (S.D.N.Y. 1994)). Reconsideration is inappropriate "where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Under this standard, reconsideration will generally be denied. Id.

The case at bar is no exception. Plaintiffs seek to relitigate issues already considered by this Court in issuing its summary judgment decision in this case.

First, Plaintiffs reassert their argument that the senior creditor's notice of default is, as a matter of law, insufficient because, among other things, it does not use the word "default." (Pls.' Mem. L. 2.) The Court considered this argument on page *4 of its summary judgment decision, finding that the notice of default seemed to comport with the language of the notes but that it also was "not unreasonable to assume that the parties intended some sort of specific detail of a default to be cited in order to protect the subordinated creditor from a sham blockage..." The Court, therefore, withheld summary judgment because the parties' intent was open to interpretation. DeLago, 2006 WL 489845 at *4 (citing Postlewaite v. McGraw-Hill, Inc., 411 F.3d 63, 67 (2d Cir. 2005) ("[W]hen the meaning of the

2

contract is ambiguous and the intent of the parties becomes a matter of inquiry, a question of fact is presented which cannot be resolved on a motion for summary judgment.")).

Plaintiffs offer no new facts or controlling precedent that compel this Court to reconsider its position. Rather, Plaintiffs cite a number of cases that are inapposite, as they do not speak to the issue of whether a notice of default between a creditor and a debtor is sufficient. See, e.g., PacifiCorp Capital, Inc. v. Tano Inc., 877 F. Supp 180 (S.D.N.Y. 1995) (deciding that, where there is a lessor-lessee relationship, a notice to cure "is sufficient to put the lessee on notice that its leasehold is in jeopardy" if notice refers to the termination provision or summarizes it); Lurzer GMBH v. American Showcase, Inc., 77 F. Supp.2d 370, 374 (S.D.N.Y. 1997) (finding that a Complaint "does not identify the alleged breach with sufficient detail to permit [the defendant] to cure that breach.").

Plaintiffs also cite cases that seem to weaken their case. See, e.g., Phillips Petroleum Co. v. Rexene Corp., 82 F.3d 435 (Table), 1996 WL 137536 at *2 (Fed. Cir. 1996) ("According to the unambiguous language of the agreement, Phillips was only required to provide notice of the defaults..." because commercial entities, under New York law, "are well able to provide for as much or as little in the way of notice as they want."); Filmline (Cross-Country) Productions, Inc. v. United Artists Corp., 865

F.2d 513, 518 (2d Cir. 1989) (deciding that, under New York law, a notice of termination should conform to the agreement). In the present case, the language of the agreement is ambiguous. Therefore, the Court withheld judgment as to whether the default notice conformed to the agreement. DeLago, 2006 WL 489845 at *4.

Second, Plaintiffs argue, as they did in their summary judgment briefs, that letters written by Defendant expressly admit that no oral settlement agreement was brokered between the parties. (Pls.' Mem. L. 6.) In its summary judgment decision, the Court held that "Defendant creates a threshold question of fact ... by alleging that Plaintiffs orally agreed not to sue for interest or attorneys' fees in exchange for Defendant's promise to pay blocked principal and reasonable interest on the first installment." DeLago, 2006 WL 489845 at *4.

To support their motion for reconsideration on this basis, Plaintiffs refer to a letter written by General Counsel of Robert Plan, Jasper Johnson. (Pls.' Mem. L. 6.) This letter was already presented to the Court in connection with Plaintiffs' summary judgment motion. As the Court reasoned in its summary judgment motion with regard to a similar letter also submitted by Plaintiffs, each side offers differing interpretations of the language in the letter and "[b]oth arguments are colorable. Deciding which to accept would force the Court to make credibility determinations, which is forbidden on a summary

judgment motion." DeLago, 2006 WL 489845 at *4.

Finally, Plaintiffs assert, as they did in their summary judgment motion, that even if an oral agreement not to sue existed, it would be too indefinite to enforce. (Pls.' Mem. L. 7.) This issue was fully briefed in connection with Plaintiffs' summary judgment motion. The Court was aware of the argument and took it into consideration when deciding the motion. Because the Court held that the existence of the agreement itself is a question of fact, the Court found it premature to discuss whether the terms of an agreement, which may or may not exist, are too indefinite to enforce.

## Conclusion

Plaintiffs set forth neither controlling precedent nor factual issues that the Court overlooked in its decision denying summary judgment. Plaintiffs' motion for reconsideration or reargument is denied. The parties are directed to appear before this Court for a scheduling conference on July 5, 2006 at 10AM.

**SO ORDERED.**

**Dated:** **New York, New York**
**May 22, 2006**

_____
**JOHN F. KEENAN**
**United States District Judge**

5